1810.

Maryland Insurance Company.
vs.
Graham.

that each of the defendants in that suit was bound for the whole of the costs adjudged to the plaintiff, which the appellant might have avoided by severing in his defence. But I cannot perceive how his not having severed, in any manner affects the case; for defendants may sever in their defence in other actions of tort, and yet if a joint judgment for damages is rendered against two in an action of trespass or trover, &c. and one pays the whole, he cannot recover against the other a moiety of the money so paid. Nor can one security, who is compelled to pay the whole of the money, in all cases resort to his co-security for a contribution; as if one becomes a joint security at the instance of another, though he is thereby made liable to the person to whom the security is given, yet he cannot be called upon by the other, because it was at his instance that he became a security. And this is a stronger case, with more equity on the side of the appellant; for the costs, which are the subject of controversy, were not only incurred at the instance of the appellee, but against the consent of the appellant; and the law therefore will not raise against him an implied undertaking to pay, and the judgment being joint makes no difference, and cannot shut out any equitable defence which the party might otherwise have had.

JUDGMENT AFFIRMED.

────────────

JUNE.

MARYLAND INSURANCE COMPANY vs. GRAHAM.

In an action of covenant on a policy of insurance, stating that H and W Y for account of T G (the plaintiff) did make insurance, and cause themselves, and their and every of them, to be insured, &c. and the assurers, (being a corporate body) executed the Policy under their common seal. The declaration stated that the plaintiff, according to the usage & custom of merchants, (through and by H & W Y his attorneys and agents,) in his own name, did make insurance &c. Held that the action was well brought.

APPEAL from Baltimore County Court. Covenant by the appellee against the appellants. The declaration stated, "That whereas by a certain deed made between Thomas Graham of the one part, and The Maryland Insurance Company of the other part, at Baltimore county, on the twenty-fourth day of September, in the year one thousand eight hundred and two, which deed, sealed with the seal of The Maryland Insurance Company aforesaid, the said Graham here into court brings, the date whereof is on the day and year aforesaid, the said Graham, according to the usage and custom of merchants, (through and by Hugh Young and William Young, merchants, trading in partnership under the name and firm of Hugh and William Young, his attorneys and

agents.) in his own name, did make insurance, and cause himself to be insured against all risks, lost or not lost, at and from *New Geneva* to *The Natches*, with liberty to touch at *Charleston* on the *Ohio*," &c. (in the words of the policy.) "And it was also further agreed by the said deed, that in case of any loss or misfortune; it should be lawful for the said *Graham*, the assured, his factors, servants and assigns, to sue, labour and travel for, in and about the defence, safeguard and recovery, of the said goods and merchandizes, or any part thereof, without prejudice to the said insurance, to the charges whereof *The Maryland Insurance Company* aforesaid, by the said deed, did covenant and agree to contribute, according to the rate and quantity of the sum therein insured; and so *The Maryland Insurance Company* aforesaid were content, and by the said deed did bind themselves to the said *Graham* for the true performance of the covenants in the said premises, confessing themselves paid the consideration due to them for the said assurance, by the said *Graham*, after the rate of five per centum on the cargo of the said boat called *The New Geneva*, so by them insured against all risks. And it was also covenanted and agreed, by the said deed, between *The Maryland Insurance Company* aforesaid, and the said *Graham*, that the said *Graham* should abate two per centum to *The Maryland Insurance Company*, in case of the loss of the said cargo in the said voyage, and that such loss should be paid by *The Maryland Insurance Company*, to the said *Graham*, in ninety days after the proof and adjustment thereof, the amount of the note given for the said premium of insurance, if unpaid, being first deducted. And it was also further covenanted and agreed by the said deed, mutually between the said parties, that if any disputes should arise relating to a loss on the said policy of insurance, the same should be referred to two persons, one to be chosen by the said *Graham*, the assured, the other by *The Maryland Insurance Company* aforesaid, which said two persons should have power to adjust the same; and if they should differ, to choose a third, any two of whom agreeing, their determination should be obligatory on both parties. In witness whereof *The Maryland Insurance Company* aforesaid did, by the president thereof, subscribe the sum of sixteen thousand two hundred and sixteen dollars current money, thereby assured, and cause the common seal of the said

1810.

Maryland Insurance Company.
vs
Graham

company to be affixed to the said premises, in *Baltimore,* to wit, at the county aforesaid, on the day and year aforesaid, as by reference to the said deed will fully appear. And although he the said *Graham* hath well and duly performed, fulfilled and kept, all and singular the covenants," &c. "contained in the said deed or policy of assurance, on his part to be performed," &c. "and hath fully paid and satisfied *The Maryland Insurance Company* aforesaid, a large sum of money, to wit, the sum of eight hundred and twelve dollars and five cents current money, as a premium and reward for the assurance of the above mentioned sixteen thousand two hundred and sixteen dollars. The said *Graham* in fact faith, that the said boat or vessel called *The New Geneva,* at the time of making the deed or policy, to wit, on" &c. "at," &c. "was in safety, and that divers goods," &c. "of a large value, to wit, of the value of," &c. "were then and there shipped by the said *Graham* in and on board of the said boat or vessel, to be carried therein from" &c. "to," &c. "upon the voyage in the said writing or policy of assurance mentioned, whereof *The Maryland Insurance Company* aforesaid, to wit, at," &c. "had notice; and being so in safety afterwards, that is to say, on," &c. "departed and sailed," &c. (in the usual manner stating the loss of the vessel, of which the company had notice.) "And the said *Graham* then and there requested *The Maryland Insurance Company* aforesaid, to pay him the said *Graham* the said sum of money insured by them as aforesaid, which *The Maryland Insurance Company* aforesaid ought to have paid to the said *Graham,* according to the form and effect of the covenant contained in the said deed or policy of assurance; yet *The Maryland Insurance Company* aforesaid, not regarding their said promises," &c "have not paid to the said *Graham* the sum of money assured," &c. concluding in the usual manner of such declarations. The *policy of insurance* was in the usual manner, stating, that "whereas *Hugh* and *William Young,* for account of *Thomas Graham,* do make insurance, and cause themselves, and their and every of them, to be insured, lost or not lost, at and from *New Geneva* to the *Natches,* with liberty to touch at *Charleston* on the *Ohio,*" &c. "and in case of any loss or misfortunes, it shall be lawful to and for the assured, their factors, servants and assigns, (and the assured on their part agree and engage by themselves, their factors, ser-

vants or assigns,) to sue, labour and travel, for, in and about the defence, safeguard and recovery of the said goods or merchandizes, or any part thereof, without prejudice to this insurance, to the charges whereof we the assurers will contribute according to the rate and quantity of the sum herein insured; and so we the assurers are contented, and do hereby bind *The Maryland Insurance Company* to the assured, their executors, administrators and assigns, for the true performance of the premises, confessing ourselves paid the consideration due unto us for the assurance by the said assured, or their assigns, after the rate of five per cent. on cargo by said boat insured against all risks. And in case of loss, the assured is to abate two per cent. and such loss to be paid in ninety days after proof and adjustment thereof, the amount of the note given for the premium, unpaid, being first deducted. And it is mutually agreed, that if any disputes shall arise relating to a loss on this policy, it shall be referred to two persons, one to be chosen by the assured, the other by *The Maryland Insurance Company*, which two persons shall have power to adjust the same; but in case they cannot agree, then those two persons shall choose a third, and any two of them agreeing, their determination shall be obligatory on both parties. In witness whereof *The Maryland Insurance Company* have, by the president, subscribed the sum insured, and caused their common seal to be annexed to these presents in *Baltimore*, the twenty-fourth day of September one thousand eight hundred and two." The general issue was pleaded. Verdict and judgment for the plaintiff, from which the defendants appealed to this court.

'The cause was argued before CHASE, Ch. J. BUCHANAN, GANTT, and EARLE, J.

*Martin*, for the Appellants. This action is founded upon a policy of insurance executed by an *incorporated company, under their common seal*, which therefore is considered a *specialty*, and the action must be covenant or debt. No person can sue upon the policy but he who can be considered *a party to the specialty*. The policy cannot, as to the assurers, be considered a specialty, and as to the assured a simple contract. An agent cannot seal an instrument for another, so as to be obligatory. This

1810.

Maryland Insurance Company
vs
Graham

principle is established in *Burnett vs. Kensington*, 7 *T. R.* 207. *Hugh* and *William Young* alone can bring the action, and be considered *parties* to the specialty, *Godin vs. The London Assurance Company*, 1 *Burr.* 489, was covenant on a policy executed by *The London Assurance Company*. *Godin*, & Co. brought the action in their own names, yet they were only the agents who made the insurance for the use of *Uhthoff*. In 7 *Wentw.* 38, is a declaration against *The London Assurance Company* by *Jacob Mendes Da Casta*, yet he was only *the agent* who effected the insurance for *Solomon Israel*. No person can declare upon a policy under seal, but he, who in consideration of law, is party to the specialty. The agents in these kind of policies do declare upon them in their own names; therefore, he for whose use the insurance is effected, is not considered a party to the policy so as to declare in his own name. The case of *De Ghetoff vs. London Assurance Company*, 3 *Brown's P. C.* 525, also establishes the principle, that a suit at law must be in the name of the party who effected the insurance. A charter party executed by the master, *though said to be done on behalf of the owners*, doth not furnish a direct action grounded upon the instrument itself against them. *Abbott*, 146, (122.) But the owners must be made responsible by a special action on the case, or by a suit in equity. *Abbott*, 88, (80.) The rule of the law of *England* is, that the force and effect which that law gives to a deed under seal, cannot exist unless executed *by the party himself*, or by some one in his *presence* and *by his direction*; or in his absence by an agent authorised by another deed. And in all these cases the deed must be made "in the name of the principal," and not by the agent in *his name*, for *the use of his principal*. *Abbott*, 146, (122, 123.) If an obligation be made to *J D to the use of J S*, it is a good obligation to *J S* in equity, but he cannot sue at law. The suit must be in the name of *J D. Shep. Touch.* 369.

In this case the *declaration* is not *supported by the policy*. The *declaration* states, that "the said *Graham*, according to the usage and custom of merchants, (*through and by Hugh and William Young his attorneys and agents*,) in his *own name*, did make insurance, and cause *himself* to be insured." The *policy* declares, "that *Hugh and William Young*, for account of *Thomas Graham*, do make in-

1810.

Maryland Insu-
rance Company
vs
Graham

surance, and cause *themselves*, and them, and each of them, to be insured." The *declaration* says, "It was further agreed by said deed, that in case of loss, &c. it should be lawful for the said *Graham, his factors, servants and assigns, to sue*," &c. The *policy* says, "in case of loss, &c. it shall be lawful to and for the assured, (to wit, *Hugh and William Young*,) and *their* factors," &c. The *declaration* says, "and so *The Maryland Insurance Company* aforesaid did bind themselves to the said *Graham* for the true performance," &c. The *policy* says, "do bind themselves to the *assured*, (the said *Hugh* and *William*,) *their* executors," &c. The *declaration* says, "confessing themselves paid the consideration due to them for the said insurance by the said *Graham*." The *policy* says, "by the said *assured*, (the said *Hugh* and *William*,) or *their* assigns." The *declaration* says, "and it was agreed by the said deed *between* the said *Graham* and *The Maryland Insurance Company* aforesaid, that in case of loss the said *Graham* should abate two per cent. to *The Maryland Insurance Company* aforesaid, and that such loss should be paid by *The Maryland Insurance Company* aforesaid, to the said *Graham*, in ninety days," &c. The *policy* has only these words, "and in case of loss the assured, (*Hugh* and *William*,) is to abate two per cent. and such loss to be paid in ninety days," &c. The *declaration* says, in case of disputes they are "to be referred to two persons, one to be chosen by the said *Graham*," &c. The *policy* only says, "one to be chosen by *the assured*," to wit, *Hugh* and *William Young*. Thus the court will perceive, that the declaration is, as if the insurance had been effected by *Graham in his own name*, but through his attorneys. Whereas the policy is entered into by *Hugh* and *William Young in their own names*, though for the use of *Graham*; and hence comes within the decisions referred to in *Abbott* and *Shepherd's Touchstone*, that though *Graham* has an equitable interest in the policy, yet the suit upon the policy must be in the name of *Hugh* and *William Young*. That the suit at law must be brought in the name of him who has the legal title, whoever may be interested, is so clear, that it would be superfluous to cite authorities to prove it. The court are however referred to one of a very recent date, and of high respectability, *Lewis vs. Harwood*, 6 *Cranch*, 82. In that case *Whetcroft* assigned a bond given to him by *Lewis*, to *T. & B. Harwood*, who instituted a suit

1810.

Maryland Insu-
rance Company
vs
Graham

thereon in the Circuit Court of the *U. S.* for the district of
*Virginia*, against *Lewis*, in *their own names.* A trial was
had, and a judgment given in their favour. *Lewis* brought
the case, by writ of error, before the Supreme Court of the
*U. S.* where the judgment was reversed, because, though
the defendants in error were indisputably *justly entitled to*
*the money*, yet the suit was brought *in a wrong name.*

*W. Dorsey,* for the Appellee. It is conceded that the
only remedy on the policy is debt or covenant. The latter
remedy has been resorted to; and the only question is,
whether this action can be sustained in the name of *Gra-*
*ham?* In 3 *Wentw.* 378, there is a declaration in the name
of the assured on a similar policy. The case of *Godin vs.*
*The London Assurance Company*, cannot affect the pre-
sent case. There the insurance was effected by *Godin*,
*Guion*, & Co. and was made as well in their own names,
as for and in the name and names of all and every person
or persons to whom the same doth, may, or shall appertain,
in all or in part; and *Godin, Guion*, & Co. endorsed on
the policy, that the insurance was made by the order of
*Uhthoff.* In that case no objection was made to the right
of the plaintiff to sue, but the only question was, whether
the person, for whose benefit the policy was effected, had
an insurable interest in the thing insured. Besides, the
person for whose benefit the insurance was made, was not
mentioned in the policy. *Abbott*, 123, (147,) reports a case
which unquestionably shows the present action may be
maintained. "If a charter party is expressed to be made
between parties, but runs thus—This charter party wit-
nesseth, that C, master of the ship W, with the consent of
A and B the owners thereof, lets the ship to freight *to* E
and F, and the instrument contains covenants by E and F,
to and with A and B; in this case A and B may bring an
action upon the covenants expressed to be made with them."
In the case before the court the policy of insurance is not
expressed to be made between *The Maryland Insurance*
*Company* of the one part, and *Hugh* and *William Young*
of the other; but in these words: *This policy of insurance*
*witnesseth, that Hugh and William Young, for account of*
*Thomas Graham, do make insurance*; and the covenants
contained in the deed are between *The Maryland Insurance*
*Company* and the assured, to wit, *Thomas Graham*, and

this suit is founded on the covenants made by the company
to and with the assured. The case cited from *Shepherd's
Touchstone* does not apply, because there was no covenant
between the obligor and the *cestui que use*. It is difficult to
conceive how the case of *Burnett vs. Kensington*, 7 *T. R.*
297, can be brought to bear on the present case, as this
suit is founded on a deed executed by *The Maryland In-
surance Company* by their corporate seal.

In answer to the objections urged on the ground of the
supposed variances between the declaration and the policy,
it is sufficient to observe, that the instrument is declared
on according to its legal effect.

In *De Ghetoff vs. London Assurance Company*, 3
*Brown's P. C.* 525, the policy was effected in the name
of *De Conninck*, and the names of the assured did not ap-
pear on the face of the policy. And it was held that *De
Conninck*, the trustee, might bring an action of covenant on
the policy. If the names of the parties assured had ap-
peared on the instrument, then the assured might have sus-
tained an action in their own names, according to the prin-
ciples established in the case cited from *Abbott*.

It has been the uniform practice in this state to institute
suits in this way, and the objection has never before been
suggested. In a case decided by the supreme court of the
*U. S.* at the last term, a similar declaration was sustained.
*Bigelow* and *Proud* effected a policy similar to the present
one, for and on account of *Jacques Ruden*, with *The Ma-
ryland Insurance Company*. An action was brought in the
circuit court of the *U. S.* held at *Baltimore*, on the policy,
in the name of the assured against the company, and the
plaintiff obtained a verdict and judgment. The cause was
removed to the supreme court of the *U. S.* on bills of ex-
ceptions, and the judgment below *affirmed*. *Maryland In-
surance Company vs. Ruden*, 6 *Cranch*, 338. The case of
*M'Donough vs. Templeman*, 1 *Harr. & Johns.* 156, sup-
ports the present action. In that case *Burrows* executed
the agreement for and on account of *M'Donough*, and the
declaration was in covenant in the name of *M'Donough*,
and was sustained; but the court held, that *The George
Town Bridge Company*, and not *Templeman*, ought to
have been sued, as he executed the agreement as their
agent.

JUDGMENT AFFIRMED.